Charles **ROHR**, Appellant,

v.

**WESTERN ELECTRIC COMPANY, INC.,** Appellee.

No. 76–1355.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1977.

Decided Dec. 27, 1977.

Benjamin M. Wall, Omaha, Neb., on brief, for appellant.

Hird Stryker, Omaha, Neb., on brief, for appellee.

Before HEANEY and STEPHENSON, Circuit Judges, and STUART, District Judge.[*]

PER CURIAM.

The sole question presented on this appeal is whether Western Electric and the International Brotherhood of Electric Workers made the "reasonable accommodations" short of "undue hardship" required by § 703(a)(1) of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C.

[*] WILLIAM C. STUART, District Judge, Southern District of Iowa, sitting by designation.

§ 2000e–2(a)(1), with respect to the religious beliefs of Charles Rohr which prohibited him from working on Saturdays.

Rohr is associated with the World Wide Church of God. His religious beliefs prevent him from working between sunset on Friday and sunset on Saturday. He was hired by Western Electric as a "Group II Machinist." There are approximately eighty other employees in this job classification at Western Electric plants in Omaha. The plant operates with three shifts: the first shift runs 7:00 A.M. to 3:30 P.M., Monday through Friday; the second shift from 3:30 P.M. to midnight, Monday through Friday; and the third shift from midnight to 7:00 A.M., Monday through Friday. Rohr worked on the second shift and, thus, needed, at a minimum, to be excused from the 6:30 P.M. to midnight portion of his Friday shift. He discussed the problem with his supervisor who decided to try to transfer Rohr to another shift. However, under the collective bargaining agreement then in effect, shift assignments were determined on the basis of seniority. Senior men on the second shift were canvassed to determine if they desired to be transferred into an opening on either the first or third shifts. Canvassing, as a means of filling vacancies according to seniority, had been a term of the collective bargaining agreement for many years prior to Rohr's employment at Western Electric. The canvass of Rohr's shift showed that three more senior machinists would be interested in an opening on the first shift and two were interested in the third shift. At the time of the canvass, no opening existed on either shift. Rohr indicated a willingness to accept a position as a "Group I Machinist" which involved lesser skills and a lower pay rate. However, the canvass conducted with respect to Group I positions revealed machinists with more seniority than Rohr who desired a transfer. The IBEW stated that it would oppose any deviation from the seniority provisions of the collective bargaining agreement to accommodate Rohr.

Rohr offered to work a four-day week or to work on Sunday when the attempts to reschedule him failed. However, the collective bargaining agreement prohibited Western Electric from authorizing nonstandard work weeks. The IBEW viewed the four-day week alternative as a threat to morale. Working on Sundays was rejected because it would require overtime payments and would raise security problems since the plant was closed on Sundays. After his failure to report on three consecutive Friday shifts, Rohr was dismissed.

This case was heard on January 11, 1977, and action was deferred pending a decision by the United States Supreme Court in *Trans World Airlines, Inc. v. Hardison*, 432 U.S. 63, 97 S.Ct. 2264, 53 L.Ed.2d 113 (1977). That case has now been decided and under its rationale we have no alternative but to affirm.

The Supreme Court held that the employer was not required by Title VII to "carve out a special exception to its seniority system" in order to help the employee to meet his religious obligations. *Id.* 432 U.S. at 83, 97 S.Ct. at 2276, 53 L.Ed.2d at 130. It stated:

> Title VII does not contemplate such unequal treatment. The repeated, unequivocal emphasis of both the language and the legislative history of Title VII is on eliminating discrimination in employment, and such discrimination is proscribed when it is directed against majorities as well as minorities. * * * Indeed, the foundation of [the employee's] claim is that [the employer] and [the union] engaged in religious *discrimination* in violation of § 703(a)(1) when they failed to arrange for him to have Saturdays off. It would be anomalous to conclude that by "reasonable accommodation" Congress meant that an employer must deny the shift and job preference of some employees, as well as deprive them of their contractual rights, in order to accommodate or prefer the religious needs of others, and we conclude that Title VII does not require an employer to go that far.

*Id.* 432 U.S. at 81, 97 S.Ct. at 2275, 53 L.Ed.2d at 129 (citation omitted and emphasis included).

Accordingly, the judgment of the trial court is affirmed.